880 F.2d 416
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Oscar ALBUQUERQUE; Franz St. Lot; Gene Strenicer,
Plaintiffs-Appellants/Cross-Appellees,
v.
ARIZONA INDOOR SOCCER, INC., dba Phoenix Pride, Defendant,
and
Merrill Communications, Inc., Defendant-Appellee/Cross-Appellant.
 Nos. 88-1778, 88-1868.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1989.
Decided July 19, 1989.
 Before GOODWIN, Chief Judge, and ALARCON and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We consider whether the district court abused its discretion in granting a motion to amend a judgment based on newly discovered evidence, and conclude it did not.
 
 FACTS and PROCEEDINGS BELOW
 
 3
 In July of 1985, Oscar Albuquerque, appellant and cross-appellee here, and other plaintiffs obtained a judgment against Arizona Indoor Soccer, Inc. ("AISI"). In pursuing collection of the 1985 judgment, Albuquerque caused a writ of garnishment to be issued and served on Merrill Communication, Inc. ("MCI"), appellee and cross-appellant here, asserting that MCI was indebted to AISI. The district court's jurisdiction over the garnishment action was properly based on section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185.
 
 
 4
 After discovery, the parties filed a stipulation setting forth issues of fact and law both agreed-upon and disputed, and the identities of potential witnesses. The issue of MCI's alleged indebtedness to AISI was listed as a disputed issue, as MCI denied any indebtedness. A hearing was conducted on August 11, 1987, ("the garnishment hearing"), which resulted in the district court's entry of judgment of $215,564.79 in favor of Albuquerque and against MCI.
 
 
 5
 MCI filed timely motions for reconsideration, for rehearing, and to amend the judgment (collectively, "MCI's motions"). The motions were based on "newly discovered evidence."
 
 
 6
 Following a hearing on November 30, 1987, the district court entered an order on January 26, 1988, reducing the judgment from $215,564.79 to $73,303.47. Albuquerque appeals from that order and from the entry of the amended judgment.
 
 
 7
 MCI cross-appeals, claiming that the district court abused its discretion in entering judgment for Albuquerque. MCI seeks reversal of the amended judgment and dismissal of the garnishment action.
 
 
 8
 Jurisdiction is conferred on this court by 28 U.S.C. Sec. 1291. The appeal is timely.
 
 DISCUSSION
 
 9
 Albuquerque argues that the district court erred in granting MCI's motions because the evidence adduced did not meet the criteria for "newly discovered evidence" under either Fed.R.Civ.P. 59 or 60(b)(2). In the Ninth Circuit, the criteria for reopening a case on this basis are (1) the evidence must be "newly discovered," and not in the moving party's possession at the time of trial, Engelhard Indus., Inc. v. Research Instrumental Corp., 324 F.2d 347, 352 (9th Cir.1963), cert. denied, 377 U.S. 923 (1964); (2) the moving party must have exercised reasonable diligence prior to the time of trial to discover the evidence, id., and (3) "the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987).
 
 
 10
 Albuquerque claims MCI failed to meet two of these requirements in not demonstrating that the evidence was actually discovered after trial and in failing to exercise due diligence to obtain the evidence for trial.
 
 
 11
 Absent a showing that the trial court abused its discretion, the order granting a new trial will not be reversed on appeal. Hanson v. Shell Oil Co., 541 F.2d 1352, 1359 (9th Cir.1976), cert. denied, 429 U.S. 1074 (1977). The district court must have abused its discretion with respect to each ground for its order. The order will be affirmed if any ground is reasonable. Id. Likewise, a motion to reopen for additional proof is left to the sound discretion of the trial judge. Contempo Metal Furniture Co. of Calif. v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 767 (9th Cir.1981).
 
 
 12
 We find that the court did not abuse its discretion in amending the judgment, and affirm. We also find no abuse of discretion in the original trial.
 
 1. Discovery of Evidence After Trial
 
 13
 The "newly discovered evidence" adduced by MCI consisted of (1) an affidavit of Bruce Francis, a former secretary and treasurer of both MCI and AISI, (2) an affidavit of Janet Smeal, operations officer for First Interstate Bank of Arizona ("FIB"), (3) MCI's statements from FIB ("MCI's bank statements"), and (4) Automatic Data Processing records reflecting certain AISI payroll information ("AISI's payroll records"). Francis had previously been identified in the stipulation as a potential witness. The bank statements had also previously been included as admissible evidence in the stipulation. AISI's payroll records had been partially admitted as exhibits at the garnishment hearing. It is clear that neither of the last two items could properly have been considered new evidence.
 
 
 14
 Albuquerque contends correctly that Francis's affidavit also cannot qualify as new evidence. Walter T. Merrill, counsel for MCI, admitted that he had originally anticipated calling Bruce Francis as a witness and that if he had done so, Francis would have testified to essentially the same facts as those set forth in his affidavit. MCI does not contest this assertion, and there is no indication that the district court considered the affidavit to be new evidence.
 
 
 15
 Albuquerque also argues that the bank statements submitted with Janet Smeal's affidavit cannot qualify as new evidence, as they were concededly available to MCI's counsel before the garnishment hearing. MCI does not contest this assertion, either, but rather argues that although both MCI's bank statements and AISI's payroll records were themselves available to MCI before the garnishment hearing, the relationship between two sets of the documents was not known. It is this relationship and the inferences that Smeal was able to draw from it that constitute, in MCI's view, the requisite "newly discovered evidence".[1]
 
 
 16
 As MCI points out, "No one, including Albuquerque and [his] counsel, discovered this relationship prior to the initial hearing." Albuquerque appears to concede that he was unaware of the relationship. It thus appears that in the exercise of its discretion, the district court took into consideration the apparent obscurity of the "relationship" when it allowed Smeal's affidavit and the associated documents as new evidence. (But see judge's comment, "How do you have to be Sherlock Holmes to do that [discover the relationship]?"
 
 2. Due Diligence
 
 17
 Albuquerque contends that MCI did not exercise due diligence in locating Smeal or a similar person to testify at the garnishment hearing, and also in that it should have drawn its conclusion from the AISI payroll records and MCI bank statements before rather than after the garnishment hearing, and that the district court therefore abused its discretion in granting MCI's motion to amend. We find no abuse of the broad discretion afforded the district court.
 
 
 18
 As to the "discovery" of Smeal, Merrill states that he had previously contacted FIB to see if anyone there could help him prove that MCI had paid the AISI payrolls in February and March of 1983, but that he "was told by the people in bookkeeping there at that branch that without an account number they would not be able to help me." After the garnishment hearing, Merrill met Smeal entirely by chance at a different FIB branch, and she was able to assist in drawing conclusions from the AISI payroll records and the MCI bank statements. It was these conclusions that were submitted as newly discovered evidence.
 
 
 19
 Albuquerque cites two cases, Ag Pro, Inc. v. Sakraida, 512 F.2d 141 (5th Cir.1975), and Contempo Metal Furniture Co., 661 F.2d 671, for the proposition that Merrill should have tried harder. It may well be the case that Merrill ought to have looked farther and more energetically in seeking to draw conclusions from the documents. However, the district court found that there was "no evidence submitted at the subsequent hearing [on MCI's motions] to indicate that MCI was not justified in relying on this representation by the bank employee." Because the district court's conclusion was not clearly erroneous, MCI meets the due diligence test in its "discovery" of Smeal.
 
 
 20
 However, this begs the question whether MCI showed due diligence in discovering, not Smeal herself, but the information contained in Smeal's affidavit. As discussed above, we do not find clear error in the district court's apparent conclusion that the relationship among previously available pieces of evidence was sufficiently obscure to qualify as new evidence when eventually uncovered by a previously unknown witness.
 
 B. The Cross-Appeal
 
 21
 In its cross-appeal, MCI assigns error to several aspects of the district court's original decision in favor of Albuquerque. We have examined these assignations of error, and find none to have merit.
 
 
 22
 Accordingly, the district court's ruling is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Albuquerque also contends that Smeal's testimony was not competent. At the hearing on MCI's motions, Albuquerque objected that Smeal's testimony that MCI had paid AISI's payroll in February and March of 1983 was speculative and incompetent opinion testimony. Smeal admitted that she had no personal knowledge of such payment, and she was apparently never qualified as an expert witness. Under Fed.R.Ev. 701, non-expert witness "testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Whether these standards are met is left to the discretion of the trial judge. United States v. Burnette, 698 F.2d 1038, 1051 (9th Cir.1982), cert. denied, 461 U.S. 963 (1983). There is no indication that his admission of Smeal's testimony was an abuse of discretion